UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROGER LEE MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-320-TS |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Roger Lee Morris, a prisoner proceeding pro se in this matter, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] seeking to challenge his 2009 conviction for theft and habitual offender adjudication in Allen County. *State v. Morris*, 02D04-0901-FD-23. The Court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases.

Following a jury trial in March 2009, Morris was found guilty of theft and being a habitual offender. *Morris v. State*, 921 N.E.2d 40, 41 (Ind. Ct. App. 2010). He was sentenced to six years in prison. (Pet., ECF 1 at 1.) He appealed and the Indiana Court of Appeals found an error in the jury instructions, reversed his conviction and remanded for a new trial. *Morris*, 921 N.E.2d at 44. The state filed a petition to transfer with the Indiana Supreme Court, which was denied in June 2010. *Morris v. State*, No. 02A03-0905-CR-210 (Ind. June 24, 2010.) Morris is presently being held at the Allen County Jail pending a retrial.

Morris's federal petition is somewhat difficult to parse, but three of the four grounds he raises pertain to his bail. (*See* Pet. 3.) He appears to assert that his bail is excessive and requests that this Court order him to be immediately released. (Pet. 3–5.)

Morris's Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025–26 (internal citations and quotation marks omitted).

Here, Morris acknowledges in the Petition that he has not yet raised a challenge to his bail in one complete round of state review, which he must do before this Court can grant relief. Morris has a remedy available in the state court if he believes his bail is excessive. *See Vacendak v. State*, 302 N.E.2d 779 (Ind. 1973) (remanding a state habeas corpus proceeding and ordering a bail hearing). Until the state process is completed, Morris cannot obtain habeas relief in federal court. *Lewis*, 390 F.3d at 1025–26.

In the remaining ground that Morris presents in his Petition, he claims that he received ineffective assistance of counsel in the first trial. (Pet. 4.) He did not raise this claim in state court, but regardless, the claim does not present a basis for granting federal habeas relief because Morris's conviction has been vacated by the Indiana Court of Appeals. Any claim of ineffective assistance arising from the retrial must be raised in one complete round of state review before it can be presented to this Court. *Lewis*, 390 F.3d at 1025–26.

Accordingly, the Petition must be dismissed. The dismissal will be without prejudice to Morris's right to file a new petition after the state proceedings have concluded.[1]

For these reasons, the Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

SO ORDERED on September 20, 2010.

                                                  s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT

---

[1] The district court should consider staying rather than dismissing a habeas petition containing unexhausted claims when dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). There is no danger of that here since Morris's conviction has not yet become final and so the one-year statute of limitations has not even started running. *See* 28 U.S.C. § 2244(d)(1)(A). If Morris acts diligently, he should have no difficulty returning to federal court once the state proceedings have concluded.